# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY BRIGHTWELL,<br>    Petitioner, | )<br>)<br>) | Civil Action No. **15-247** Erie |
| v. | )<br>) | |
| UNITED STATES PROBATION AND<br>PAROLE, et al.,<br>    Respondents. | )<br>)<br>)<br>) | Magistrate Judge Susan Paradise Baxter |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY BRIGHTWELL,<br>    Petitioner, | )<br>)<br>) | Civil Action No. **15-263** Erie |
| v. | )<br>) | |
| COMMONWEALTH, et al.,<br>    Respondents. | )<br>)<br>)<br>) | Magistrate Judge Susan Paradise Baxter |

## **MEMORANDUM**

Bobby Brightwell is a state prisoner incarcerated at SCI Forest. He is serving a life sentence imposed by the Court of Common Pleas of Delaware County on a conviction of second degree murder.

On December 17, 2015, Brightwell filed a letter inquiring about an order issued in his case at Civil Action No. 15-263 on November 23, 2015. He states that he did not receive it.

The order about which Brightwell inquires was not issued in Civil Action No. 15-263. It was issued in his case at Civil Action Number 15-247, and it is attached hereto. The order closed Brightwell's case because he did not comply with the Court's previous order to file his claims on the

1

standard form entitled Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody by November 16, 2015.

**Brightwell can reopen his case at Civil Action No. 15-247 by filing the standard form in that case, which the Clerk of Court previously provided to him.** The Court once again reminds Brightwell that since he is incarcerated pursuant to a state court judgment of sentence and he seeks release from his alleged unlawful confinement, the only statute available to him to pursue his claims is 28 U.S.C. § 2254. BRIAN R. MEANS, Federal Habeas Manual § 1:34, WestlawNext (database updated June 2015) ("§ 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention."); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (state prisoner "must rely on Section 2254 in challenging the execution of his sentence."); Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY BRIGHTWELL,<br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES PROBATION AND<br>PAROLE, et al.,<br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 15-247 Erie<br><br>   Magistrate Judge Susan Paradise Baxter |

## ORDER

On November 4, 2015, the Court issued an Order advising state prisoner Bobby Brightwell that if he wished to proceed with this habeas litigation he must file the standard form entitled <u>Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody</u>, which the Court provided to him, on or before November 16, 2015. Brightwell did not file the standard form and has not submitted anything at this docket number since the Court issued its previous order.[1]

Accordingly, this 23rd day of **November, 2015,** the Clerk of Court is to mark this case **CLOSED.**

　　　　　　　　　　　　　　　　　　/s/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1]　　As the Court has explained to Brightwell on more than one occasion, no matter what statute he cites in support of his request for relief or what he calls his filing, since he is incarcerated pursuant to a state court judgment of sentence and he seeks release from his alleged unlawful confinement, the only statute available to him to pursue his claims is 28 U.S.C. § 2254, the federal habeas statute for state prisoners. BRIAN R. MEANS, Federal Habeas Manual § 1:34, WestlawNext (database updated June 2015) ("§ 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention."); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (state prisoner "must rely on Section 2254 in challenging the execution of his sentence."); Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'") Brightwell cannot avoid the rules applicable to "second or successive" § 2254 habeas petitions, 28 U.S.C. § 2244(b), or the one-year statute of limitations applicable to such petitions, <u>id.</u> § 2244(d), by calling his action one for mandamus relief when in actuality he is seeking habeas relief.